UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHERRY SANDERS, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:22-CV-176-CEA-JEM |
| D&S RESIDENTIAL SERVICES, | ) |
| Defendant. | ) |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Applications to Proceed in Forma Pauperis with Supporting Documentation [Docs. 1 and 7][1] and Plaintiff's Amended Complaint [Doc. 9].[2] For the reasons more fully stated below, the Court **GRANTS** Plaintiff's Applications to Proceed In Forma Pauperis [**Docs. 1 and 7**]. The Court will therefore allow Plaintiff to file her Amended Complaint without the prepayment of costs. The Court, however, **RECOMMENDS** that the District Judge dismiss Plaintiff's disability discrimination claim for failure to state a claim upon which relief can be granted but allow her claims of age and race discrimination to pass the initial screening process.

---

[1] On May 31, 2022, the Court entered an Order [Doc. 3] explaining that Plaintiff's Application to Proceed in Forma Pauperis with Supporting Documentation [Doc. 1] was deficient. The Court directed Plaintiff to file an amended application, which Plaintiff filed on June 7, 2022 [Doc. 7].

[2] On July 19, 2022, the Court entered an Order [Doc. 8] allowing Plaintiff the opportunity to amend her Complaint to further state the factual basis for the alleged discrimination and hostile work environment. Plaintiff filed her Amended Complaint on July 29, 2022 [Doc. 9].

I.  **DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed Applications to Proceed In Forma Pauperis ("Applications") with the required detailing of her financial condition [Docs. 1 and 7]. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an in forma pauperis application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed in forma pauperis, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed in forma pauperis is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Applications are sufficient to demonstrate that Plaintiff has no income and few assets. Considering Plaintiff's Applications, it appears to the Court that her economic status is such that she cannot afford to pay the filing fee and still pay for the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's Applications [**Docs. 1 & 7**]. The Court **DIRECTS** the Clerk to file the Amended Complaint in this case without prepayment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II.     RECOMMENDATION AFTER SCREENING OF COMPLAINT

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the Court must dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if the Court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Further, Federal Rule of Civil Procedure 8(a)(2) requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Court will screen the Amended Complaint because Plaintiff's Amended Complaint supersedes her original Complaint. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (holding that the amended complaint supersedes all previous complaints and becomes the operative pleading (citations omitted)). The Amended Complaint names only D&S

3

Residential Services ("D&S") as a defendant[3] and states that Plaintiff experienced discrimination based on race, age, and disability [Doc. 9 p. 1]. According to Plaintiff, she was forced to work thirty days straight, and she has had to do chores by herself [*Id*. at 2]. She was written up while she was a "med runner" because she was instructed to take a consumer to a doctor's appointment, which left a "white lady" with two consumers, leaving her "out of ratio" [*Id*. at 3]. Plaintiff was also written up because someone reported that she was yelling and being hateful to the consumers while attending an appointment at the Baker Sleep Institute [*Id*.]. Plaintiff was put on probation for this incident, and her supervisor told her that she could be terminated [*Id*.]. Plaintiff alleges, "I was pulled to the side and told to be careful because they were trying to get rid of me" [*Id*.]. When she returned to the Baker Sleep Institute, Plaintiff asked the owner if anyone called to complain about her behavior, and the owner said no one complained [*Id*.]. The doctor had no complaints and commented that Plaintiff was great to the consumer [*Id*.]. The doctor offered to be a witness on Plaintiff's behalf [*Id*.]. The owner stated that someone with Defendant called and asked how Plaintiff treated the consumer [*Id*.]

In addition, Plaintiff is not a designated trainer, so she could not train people [*Id.* at 4]. Despite not being a trainer, however, she was told that if she did not train others, she would be fired [*Id*.]. Plaintiff claims that Defendant did not train her for all the hours she worked [*Id*.]. Further, Defendant's office staff asked the trainees how Plaintiff was treating everyone, and the trainees allegedly said nothing but bad things at the staff's direction [*Id*.]. According to Plaintiff, the human resource manager and her supervisor were unprofessional, and "they were bringing new people making more than younger white females" [*Id*.]. Plaintiff states that they were trying to

---

[3] In her original Complaint, Plaintiff named as defendants (1) D&S, (2) Shonda Jeffers, (3) Missy with human resources, (4) Rico with human resources, and (5) Marie Natalie, who works in human resources at the corporate office [Doc. 2 p. 2].

4

get rid of her and that the Equal Employment Opportunity Commission ("EEOC") gave her the right to sue [*Id.*]. Plaintiff seeks damages for emotional distress, financial loss, injury to her feelings, and aggravated damages [*Id.* at 5].

Plaintiff alleges race, disability, and age discrimination against D&S. While Plaintiff does not cite to any legal authority for her claims, race, disability, and age discrimination claims arise under Title VII, the Age Discrimination Employment Act ("ADEA"), and the Americans with Disabilities Act Amendments Act of 2008 ("ADAA"), respectively. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Under the ADAA, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C.A. § 12112. In order to state a claim under these statutes, the plaintiff must allege sufficient facts to support an inference that the defendant discriminated against her because of her race, age, or disability. *See Hazen v. Cleveland Clinic Found.*, No. 1:21-CV-01965, 2022 WL 3083027, at *4 (N.D. Ohio July 29, 2022) ("To state a claim of disability discrimination under the ADA, a plaintiff 'must plead facts that make plausible the inference that (1) she is disabled, (2) she is qualified to perform her job requirements with or without reasonable accommodation,' and (3) she suffered and adverse employment action because

5

of her disability." (quoting *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020)); *Vasser v. Shiroki N. Am., Inc.*, No. 2:19-CV-00098, 2021 WL 1088181, at *6 (M.D. Tenn. Mar. 22, 2021) (explaining that under the ADEA, the plaintiff must allege sufficient facts to support a reasonable inference that the defendant discriminated against her "with respect to her compensation, terms, conditions or privileges of employment, because of her age" (cleaned up and citation omitted)); *Flynn v. Memphis Pathology Lab'y (AEL)*, No. 2:19-2882-CV-SHL-TMP, 2020 WL 5801087, at *4 (W.D. Tenn. Sept. 29, 2020) ("It is axiomatic that, to state a claim of race discrimination under Title VII, the plaintiff must plead facts which allow the court to infer that the employer's wrongful [conduct] related to the plaintiff's race." (citation omitted)).

At the pleading stage, a plaintiff is not required to plead a prima facie case of discrimination. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002). "All that is required is that the complaint satisfies Rule 8(a)'s simplified pleading standard." *Hood v. City of Memphis Pub. Works Div.*, No. 17-2869-SHM-DKV, 2018 WL 2387102, at *3 (W.D. Tenn. Jan. 8, 2018), *report and recommendation adopted*, No. 17-CV-2869-SHM-DKV, 2018 WL 648377 (W.D. Tenn. Jan. 31, 2018) (citation omitted). With respect to her race and age discrimination claims, Plaintiff alleges that "they were bringing new people making more money than younger white females" [Doc. 9 p. 4]. In light of Plaintiff's pro se status, the Court will construe this statement to allege that Defendant hired younger, white females and paid them more money than Plaintiff. Based on this allegation, the Court recommends that Plaintiff's race and age discrimination claims pass the initial screening process. *See Gillespie v. Magee*, No. 17-2726-JPM-DKV, 2017 WL 4899300, at *4 (W.D. Tenn. Oct. 11, 2017), *report and recommendation adopted*, No. 2:17-CV-2726-JPM-DKV, 2017 WL 4898845 (W.D. Tenn. Oct. 30, 2017) (allowing plaintiff's race discrimination claim to pass the initial screening process because she alleged that

she was "subjected to adverse employment decisions while working for [the defendant] including termination . . . . [and] that she was treated differently from white employees").

The Court has reviewed the Amended Complaint and finds that Plaintiff does not state a claim of relief under the ADAA because she does not allege any facts from which an inference can be drawn that she is disabled, she is qualified to perform her job duties with or without an accommodation, or that Defendant discriminated against her based on a disability. *Ballew v. Covenant Health Corp.*, No. 3:16-CV-445-TAV-HBG, 2017 WL 1288702, at *2 (E.D. Tenn. Apr. 6, 2017) (dismissing the plaintiff's complaint pursuant to Rule 12(b)(6) because "[t]he factual allegations in the complaint provide no details of any alleged disability, nor any facts alleging any form of discrimination on the basis of disability"); *Thomas v. Dana Com. Vehicle Prod., LLC*, No. 4:13CV-00041-JHM, 2014 WL 1329948, at *4 (W.D. Ky. Apr. 1, 2014) (dismissing the plaintiff's complaint under Rule 12(b)(6) because he "failed to allege facts from which an inference can be drawn that he was disabled under the ADA's definition"). In her Amended Complaint, Plaintiff asserts that Defendant forced her to work thirty days straight and that she had to do chores by herself. Plaintiff does not, however, allege that she is disabled, she is qualified to perform her job duties with or without a reasonable accommodation, or that Defendant took any adverse action because of her disabilities. Without these kinds of allegations, after an opportunity to amend, the Court finds this claim should not proceed beyond the screening phase.[4]

---

[4] The Court notes that Plaintiff's original Complaint alleged that when she returned on medical leave, Defendant changed her shift schedule and she was required to work weekends [Doc. 2 p. 2]. Plaintiff, however, does not explain whether this shift change affected her disabilities. Further, Plaintiff alleged in her original Complaint that she was diagnosed with multiple conditions that are considered disabilities [*Id.*] This allegation is insufficient to state a claim under the ADAA. *See Hentze v. CSX Transp. Inc.*, 1:17cv217, 2018 WL 1562023, at *1 (S.D. Ohio Mar. 31, 2018) (finding that the plaintiff's "allegations regarding his alleged disability fall short of the pleading standards" because he did not specify his disabling impairment). Even so, she failed to allege any facts that Defendant discriminated against her on the basis of her multiple disabilities.

7

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Applications to Proceed In Forma Pauperis [**Docs. 1 & 7**]. The Court **DIRECTS** the Clerk to file the Amended Complaint in this case without prepayment of costs or fees. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation[5] because the undersigned **RECOMMENDS**[6] that the District Judge dismiss Plaintiff's disability discrimination claim but allow the remaining claims to proceed.

Respectfully submitted,

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[5] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[6] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).